UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE H. ROSS,

        Plaintiff,

v.                          CASE NO. 8:04-CV-2374-T-27MAP

JO ANNE B. BARNHART,
Commissioner of Social Security

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), Plaintiff seeks review of the Commissioner's decision denying her claims for period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Plaintiff argues that the Administrative Law Judge ("ALJ") erred by (1) failing to properly consider her treating doctors' opinions, (2) failing to properly apply the Eleventh Circuit pain standard, (3) failing to find her mental impairment severe, and (4) improperly determining her residual functional capacity. Having carefully reviewed the record, I find the ALJ's conclusions are not supported by substantial evidence and recommend the matter be remanded for further administrative proceedings.[1]

*A. Background*

Plaintiff, age forty-seven at the time of the administrative hearing, claims disability beginning July 8, 1999, due to back problems also involving her left ankle and leg, neck, shoulders, arm and hands. She previously worked as a personal care technician and completed schooling through the eleventh grade. Denied benefits in 1995, she reapplied for benefits in September 1999.

---

[1] This matter has been referred to me pursuant to Local Rule 6.01(c)(21).

When she was denied benefits, she sought reconsideration.  The ALJ found Plaintiff capable of performing a wide range of light/ sedentary work, based on the vocational rules.  Thereafter, the Appeals Council remanded due to new evidence, with instructions to the ALJ to consider new evidence from Plaintiff's physician, Dr. Spuza, and to further develop the record with additional evidence including a consultative orthopedic examination if needed concerning Plaintiff's capabilities.  The ALJ held a second hearing on September 10, 2002, and after considering the evidence, determined the Plaintiff retained the residual capacity to perform a significant range of sedentary work.  The case is now ripe for review.

    *B.  Standard of Review*

    To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. § 423(d)(3).

    The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity;

2

whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. 42 U.S.C. § 405(g); *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (remanding for clarification).

*C. Discussion*

Because remand is necessary, I will only address the issue requiring further review. The Appeals Council remanded this case to the ALJ because Plaintiff presented new evidence that her treating physician, Felicia M. Spuza, opined she was permanently disabled. Dr. Spuza treated Plaintiff from August 24, 2000 to April 30, 2002. On October 13, 2000, the physician stated on a blank prescription pad paper without explanation that Plaintiff is permanently disabled due to acute neck/ back pain with radiation (R. 334). Similarly, in April 2000, Dr. Spuza completed a physical functional capacity evaluation that indicated Plaintiff was unable to lift/ carry even objects weighing 0-5 pounds, unable to bend, stoop, squat, crawl, climb, kneel, reach and push/ pull (R 323-24). Hence, the Appeals Council directed the ALJ to "obtain additional evidence concerning [Plaintiff's] impairments in order to complete the administrative record in accordance with regulatory standards concerning consultative examinations and existing medical evidence (20 C.F.R. 404.1512-1513 and 416.912-913)." This included, "if warranted and available," consultative orthopedic examination and medical source statements concerning Plaintiff's limitations. The Appeals Council further directed the ALJ to give further consideration to Plaintiff's functional capacity during the entire period and to request additional evidence and clarifications of the medical source opinions as needed about what the Plaintiff can do despite her impairments (R. 253).

Given this backdrop, the ALJ should have followed the Appeals Council's directions and obtained further medical evidence either from treating doctors or consultants before rejecting Dr. Spuza's conclusory opinions. Admittedly, Dr. Spuza did not factually support her conclusion about the restrictions on Plaintiff's functional abilities. However, the ALJ did not seek clarification from Dr. Spuza despite the Appeals Council's suggestion that same might be helpful. Instead,

the ALJ relied on and gave great weight to Drs. Clarke and Jacob, whose opinions were outdated (rendered in 1995) and unreliable (as Dr. Jacob saw Plaintiff only once) according to Plaintiff.[2] And, the ALJ decided a consultative exam was not needed since Dr. Wassel already provided one.  Dr. Wassel's examination, however, occurred nine months before Dr. Spuza opined Plaintiff was unable to work and prior to the cervical MRI showing increased compression and the development of myelopathic symptoms (R. 340) and did not address any work limitations or capabilities (R. 160-167).  Per the Appeals Council's directions, either further consultation with Dr. Wassel or a new consultation was needed to glean an opinions concerning Plaintiff's abilities.  Rather than obtaining the necessary new medical evidence, the ALJ improperly substituted his own judgment when he concluded the Plaintiff is capable of light to sedentary work and erred when he relied on these limitations in posing the hypothetical to the VE (R. 85).[3] In short, the ALJ insufficiently supports his conclusion.

   *D.  Conclusion*

   Though a fair portion of the ALJ's written decision is dedicated to summarizing the treatment Plaintiff sought, my review of the medical evidence, particularly in light of the testimony and allegations, provides inadequate support for the ALJ's conclusion that Plaintiff is

---

   [2] Dr. Clarke opined she was capable of light work and Dr. Jacob suggested no heavy lifting, less harsh restrictions than Dr. Spuza had suggested.

   [3] After rejecting Dr. Spuza's opinions, however, the ALJ abruptly concluded she was capable of performing sedentary work with a sit/ stand option with occasional limitation for bending, stooping, crouching, kneeling and repetitive reaching with the arms and posed a hypothetical indicating she has these limitations to the vocational expert at the administrative hearing (R. 85).

capable of performing sedentary work with a sit/ stand option with occasional limitation for bending, stooping, crouching, kneeling and repetitive reaching with the arms.  Upon remand, per the Appeals Council instructions (R. 252-254), the ALJ is directed to further consider the medical evidence and obtain additional evidence or clarification from treating sources or consulting doctors as needed to establish Plaintiff's capabilities given her impairments.

IT IS SO RECOMMENDED in chambers at Tampa, Florida on this 9th day of February, 2006.

_____
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. ?636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

Copies furnished to:
Counsel of Record
Hon. James D. Whittemore